IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE CARL VALDEZ, PRO SE, <br> also known as <br> ROBERT ALEXANDER, <br> also known as <br> JOE CARL VALDEZ, SR., <br> TDCJ-CID No. 923705, <br> Previous TDCJ-CID No. 434141, <br> Previous TDCJ-CID No. 967845, <br><br> Plaintiff, <br><br> v. <br><br> BRAD LIVINGSTON, <br> NATHANIEL QUARTERMAN, <br> JOHN HENRY ADAMS, J. BAKER, <br> TOSHA JAMES, DR. NFN LEEAH, <br> DR. NFN DESHIELDS, DR. JULITO UY, <br> SUZZANE TENORIO PAUL, <br> LYNN BLACKWELL, L. CHAVEC, <br> and MARY T. HOLLIGAN, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | 2:09-CV-0108 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JOE CARL VALDEZ, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff claims he has suffered difficulty swallowing and has been trying to obtain adequate care for his condition since 2000. He says he arrived at the Clements Unit on or about March 11, 2007 and was confined in a high security cell a few weeks later. He says that on August 5, 2007, he was informed by Nurse PAUL that his medical restrictions and

his special medical diet had been withdrawn and that he would not be referred to a specialist for what was considered to be a psychological condition. Plaintiff further alleges that on July 18, 2007, Nurse BLACKWELL lied to defendant JAMES, saying plaintiff had a behavioral problem, because plaintiff has clearly explained his symptoms to her. Plaintiff complains he has suffered for nine years from this problem and has been deprived of food because he can't eat properly like other prisoners. Plaintiff states he has been given numerous "Barium swallows" and "some UGI's, with doctor after doctor. Plaintiff alleges that, on April 30, 2008, a Dr. Williams administered plaintiff's last Barium swallow and "saw what I have been saying for all these years, and he Dr. Williams stated that ring or web in the most distal esophagus that produces mild to moderate relative narrowing of the lumen and could be an impaction point for solid food." Plaintiff alleges he was sent to the Montford Unit on December 15, 2008, but nothing was done about his serious medical needs.

Plaintiff requests that the Court help him with his serious medical condition.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Review of the treatment recounted by plaintiff in his Complaint reveals that, over the years, plaintiff received several Barium swallows and "some UGI's." Plaintiff does not state any diagnosis was made as a result of such testing until April 30, 2008.

Although plaintiff complains of the discontinuation of unspecified limitations by defendant PAUL upon his assignment to High Security and of defendant BLACKWELL's alleged lie to defendant JAMES, plaintiff does not contend these actions constituted a failure to provide medical care or that he suffered any harm as a result.

Although plaintiff speaks of food deprivation over an unspecified period, he does not allege it has resulted in the loss of any weight since his 2007 arrival at Clements. In fact, the response by prison officials to his Step 2 grievance[3], which plaintiff does not dispute, indicates plaintiff was evaluated on February 11, 2009 for his dysphagia and was found not to be malnourished. He had a diagnostic esophagogastroduodenoscopy on December 15, 2008, and is being followed by gastroenterology.

Moreover, he currently has a slow eating pass good until December 21, 2009 and a high calorie diet until January 6, 2010.

While it is clear plaintiff is dissatisfied with the care he has received in the past and is currently receiving, this dissatisfaction will not support a claim of deliberate indifference.

---

[3]Attached to plaintiff's complaint.

4

Plaintiff has received multiple tests to determine the cause of his dysphagia; he currently enjoys various accommodations to keep him adequately nourished; and his condition is being monitored by the gastroenterology clinic. Plaintiff has alleged no fact which shows "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983), and his disagreement with his medical caregivers over the appropriate treatment does not elevate his claim to a constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, plaintiff's claims of deliberate indifference to his serious medical needs lack an arguable basis in law and should be dismissed as frivolous.

Plaintiff also sues defendants LIVINGSTON and QUARTERMAN for failing to provide trained medical staff; and defendants ADAMS, BAKER, and HOLLIGAN for a failure to properly acknowledge or perform their duties as administrators and supervisors of prisoner care. The dismissal of plaintiff's medical care claim as frivolous leaves his claims against defendants LIVINGSTON, QUARTERMAN, ADAMS, BAKER, and HOLLIGAN without any basis. In any event, it appears his claim is based solely upon their supervisory status, however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)( "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)("Under section 1983 supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); *Douthit v. Jones*, 641 F.2d 345, 346 (5th

Cir.1981) (*per curiam*). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by defendants LIVINGSTON, QUARTERMAN, ADAMS, BAKER, and HOLLIGAN and has alleged no fact showing any causal connection between any act or omission by any one or more of them and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants lack an arguable basis in law and in fact and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a),

IT IS HEREBY ORDERED that the Civil Rights Complaint by plaintiff JOE CARL VALDEZ filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 4th day of May, 2009.

                                          /s/ Mary Lou Robinson
                                          MARY LOU ROBINSON
                                          UNITED STATES DISTRICT JUDGE